**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **SARAH BUNTURA,** | **CASE NO. 1:25-CV-01429** |
| **Plaintiff,** | **JUDGE PAMELA A. BARKER** |
| vs. | |
| **FORD MOTOR COMPANY,** *et al.* | |
| **Defendants.** | |

**DEFENDANT FORD MOTOR COMPANY'S
MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPLEMENTAL
STATEMENT OF PROCEDURAL FACTS**

**TABLE OF CONTENTS**

**I. INTRODUCTION** ............................................................................................... 1

**II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY** .............................. 2

    A. This Court, *Sua Sponte,* Dismissed Plaintiff's First Lawsuit on the Basis That She Failed to State a Claim and for Lack of Jurisdiction. ........................................... 2

    B. This Court Dismissed Plaintiff's Second Lawsuit Filed Against Ford Under the Doctrine of *Res Judicata.* The Sixth Circuit Affirmed. ................................................. 3

    C. Plaintiff Filed a Third Lawsuit Against Ford and Judge Calabrese Based on the Same Event. ..................................................................................................... 5

**III. LEGAL STANDARD** ........................................................................................ 5

**IV. ARGUMENT** ................................................................................................... 6

    A. Plaintiff Has Already Litigated and Lost Her Retaliation and FRCA Claims Against Ford – Twice. *Res Judicata* Bars Her from Asserting These Claims Again. ................................................................................................................................... 6

    B. Plaintiff's Repackaged Claims Against Ford Fail as a Matter of Law. ................. 8

        1. All of Plaintiff's Claims are Barred by *Res Judicata.* ............................... 9

        2. Plaintiff's Constitutional Claims Against Ford Fail as a Matter of Law Because Ford is a Private Organization and Not a State Actor. ..................... 10

        3. This Court Does Not Have Jurisdiction Over Plaintiff's Fraud Claim. ..... 11

        4. Plaintiff Has Failed to State a Claim of Fraud Against Ford. .................... 11

**V. CONCLUSION** ............................................................................................... 13

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          Page(s)

*Asahi Glass Co., Ltd. v. Toledo Eng'g Co.*,
    505 F. Supp. 2d 423 (N.D. Ohio 2007)..................................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................................5, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................................6

*Bittinger v. Tecumseh Prods. Co.*,
    123 F.3d 877 (6th Cir. 1997) ..................................................................................................7

*Bonner Farms, Ltd. v. Power Gas Mktg. & Transmission*,
    No. 5:04CV2188, 2006 U.S. Dist. LEXIS 100943 (N.D. Ohio Aug. 17, 2006)................11, 12

*Bouza v. Bay City Police Dep't*,
    No. 1:25-cv-10260, 2025 U.S. Dist. LEXIS 45416 (E.D. Mich. Feb. 20, 2025).......................8

*Flagg Brothers Inc. v. Brooks*,
    98 S. Ct. 1729 (1978)..............................................................................................................10

*Friedland v. Lipman*,
    68 Ohio App. 2d 255, 429 N.E.2d 456 (8th Dist. 1980)......................................................11, 12

*Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    918 F.2d 658 (6th Cir. 1990) ...................................................................................................9

*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*,
    322 U.S. 238 (1944)..................................................................................................................9

*Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*,
    126 F.3d 849 (6th Cir. 1997) ...................................................................................................6

*Holingsworth v. Mich. State Univ.*,
    No. 1:24-cv-1259, 2024 U.S. Dist. LEXIS 238625 (W.D. Mich. Dec. 27, 2024)........................................................................................................................8

*Houston v. Potter*,
    Nos. 2007 U.S. Dist. LEXIS 39898 (E.D. Tenn. May 30, 2007) ...........................................14

*Kowall v. Benson*,
    18 F.4th 542 (6th Cir. 2021) ..................................................................................................11

*Lansing v. City of Memphis*,
    202 F.3d 821 (6th Cir. 2000) ....................................................................................................10

*Martin v. Dana Corp.*,
    No. 3:07CV3655, 2008 U.S. Dist. LEXIS 46497 (N.D. Ohio Jun. 12, 2008)
    (dismissing Plaintiff's claims under 42 U.S.C. § 1983 because Plaintiff could
    not allege state action on the part of a private employer and its employees) ....................10, 11

*Morrison v. Tomano*,
    755 F.2d 515 (6th Cir. 1985) ......................................................................................................8

*Moses v. Sterling Commerce Am., Inc.*,
    2002-Ohio-4327 (10th Dist.) ....................................................................................................12

*Myers v. Village of Alger, Ohio*,
    102 Fed. App'x 931 (6th Cir. 2004) ..........................................................................................10

*New Hampshire v. Maine*,
    532 U.S. 742 (2001) ....................................................................................................................6

*Noel v. United States*,
    No. 16-2619, 2017 U.S. App. LEXIS 28456 (6th Cir. 2017) .....................................................9

*Spit Shine A Detailer, L.L.C. v. Rick Case Hyundai*,
    2017-Ohio-8888 (8th Dist.) ......................................................................................................13

*Taylor v. Books A Million, Inc.*,
    296 F.3d 376 (5th Cir. 2002) ......................................................................................................6

*Urb. Necessities 1Stop Shop, LLC v. City of Cleveland*,
    No. 1:22-cv-02014, 2024 U.S. Dist. LEXIS 57226 (N.D. Ohio Mar. 29, 2024) ......................10

*West v. Atkins*,
    487 U.S. 42 (1988) ....................................................................................................................10

*Wiles v. Miller*,
    2013-Ohio-3625 (10th Dist.) ...............................................................................................12, 13

*Wolfe v. Perry*,
    412 F.3d 707 (6th Cir. 2005) ......................................................................................................7

**Statutes**

28 U.S.C. § 1367(c)(3) ......................................................................................................................11

29 USC § 158 ......................................................................................................................................4

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ...........................................................3

Fair Credit Reporting Act, 15 USC § 1681 *et seq.* ............................................................... *passim*

National Labor Relations Act, 29 U.S.C. §§ 151-169 ................................................................4, 5

Ohio Revised Code § 4112 ...........................................................................................................3

Proceedings *In Forma Pauperis*, 28 U.S. Code § 1915(e) ......................................................3, 4, 8

Whistleblower Protection Act, 5 U.S.C. § 2302(a)(2)(C).............................................................3

**Rules**

Ohio Rule of Civil Procedure 9(B) ...............................................................................................12

Federal Rule of Civil Procedure 60 ...............................................................................................9

Federal Rule of Civil Procedure 12(b)(6) .....................................................................................5

**Other Authorities**

United States Constitution First Amendment ....................................................................5, 8, 9, 10

United States Constitution Fifth Amendment...................................................................5, 8, 9, 10

United States Constitution Fourteenth Amendment ....................................................................10

**MEMORANDUM IN SUPPORT**

**I.       INTRODUCTION**

Plaintiff, appearing *pro se*, brings this action against Ford Motor Company's ("Ford") based on allegations that substantially mirror claims she has previously litigated through final appellate review. This case stems from Ford's decision to withdraw a conditional offer of employment following Plaintiff's background check—a decision Plaintiff has now challenged in multiple forums with consistently unsuccessful results.

Since the inception of these related and frivolous lawsuits, and despite a Sixth Circuit decision affirming dismissal of her complaints, Plaintiff continues to repeat her allegations and repackage the facts to present further meritless claims against Ford and now, a sitting United States District Court Judge.

Plaintiff's current complaint fails to state a claim upon which relief can be granted and should be dismissed on three independent grounds. First, Plaintiff has already litigated these claims and received a final decision on the merits from the Sixth Circuit, so this case is barred by *res judicata*. Next, even if *res judicata* does not apply, Plaintiff's constitutional law claims fail because Ford is not a government actor. Lastly, Plaintiff's new repackaging of her allegations into a common law fraud claim is outside of this Court's jurisdiction and otherwise fails as a matter of law. Each of these deficiencies independently warrants dismissal of all claims against Ford.

1

II. **FACTUAL ALLEGATIONS[1] AND PROCEDURAL HISTORY**

    A. **This Court, *Sua Sponte*, Dismissed Plaintiff's First Lawsuit on the Basis That She Failed to State a Claim and For Lack of Jurisdiction.**

On July 11, 2024, Plaintiff filed a Charge ("Charge") against Ford with the Ohio Civil Rights Commission ("OCRC") alleging discrimination and retaliation due to Ford's actions in retracting a job offer, not providing notice of an adverse hiring decision, and ignoring her attempts to contact Ford. *See* PageID 2. Ford submitted its Statement of Position in response to the Charge on August 22, 2024. On February 6, 2025, the OCRC issued a Letter of Determination finding no probable cause.[2]

On July 31, 2024, Plaintiff filed her first lawsuit ("First Lawsuit"), *pro se* and *in forma pauperis*, against Ford, as well as against Yale Background Screening Services ("YBSS"), in the Northern District of Ohio, Eastern Division. *See* Case No. 1:24-cv-01313, Doc. Nos. 1, 2. Plaintiff alleged that on March 13, 2024, she applied for a position at Ford's Cleveland Engine Plant, received an offer letter, and provided the necessary information for a background check. *Id.* Plaintiff alleged that Ford rescinded its offer of employment after receipt of the background check results revealed that she had a conviction for operating a vehicle while intoxicated. *Id.* Plaintiff alleged that Ford failed to provide her notice of the adverse action pursuant to the Fair Credit Reporting Act ("FCRA"). *Id.* Plaintiff alleged that she filed complaints with the union

---

[1] Ford denies the factual allegations contained in all three complaints Plaintiff filed. However, as is its obligation in a motion to dismiss, Ford as the moving party accepts for purposes of this motion Plaintiff's allegations as stated, regardless of veracity.

[2] Plaintiff filed a Petition for Judicial Review against the OCRC in state court on March 4, 2025. *See Buntura v. Ohio Civil Rights Commission*, Cuygahoga C.P. No. 25-CV-113057 (Mar. 4, 2025). Plaintiff thereafter moved to dismiss her petition "in light of new evidence and the intent to pursue alternative remedies." *See id.,* (July 2, 2025).

representing workers at the Ford plant, the National Labor Relations Board ("NLRB"), and the Equal Employment Opportunity Commission ("EEOC"). She also claimed Ford retaliated against her by blocking her emails, retracting all job offers, and refusing to consider Plaintiff for other jobs. *Id.* In addition to alleging violations of the FCRA, Plaintiff claimed Ford's actions constituted promissory estoppel and violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, ("Title VII"), the Whistleblower Protection Act 5 U.S.C. § 2302(a)(2)(C) ("WPA"), and Section 4112 of the Ohio Revised Code. *Id.*

On October 9, 2024, pursuant to 28 U.S. Code § 1915(e), the Honorable Judge J. Phillip Calabrese issued an Opinion and Order finding that Plaintiff failed to state a claim under the FCRA, Title VII, and the WPA. *See* Case No. 1:24-cv-01313-JPC, Doc. No. 3. Judge Calabrese declined to accept supplemental jurisdiction over Plaintiff's state law claims. *Id.* Accordingly, Judge Calabrese dismissed the entire action and certified that an appeal from this decision could not be taken in good faith. *Id.*, Doc. No. 4.[3]

**B.  This Court Dismissed Plaintiff's Second Lawsuit Filed Against Ford Under the Doctrine of *Res Judicata*. The Sixth Circuit Affirmed.**

On October 17, 2024, Plaintiff filed her second lawsuit ("Second Lawsuit"), *pro se* and *in forma pauperis*, against Ford, as well as against S2 Verify LLC, in the Northern District of Ohio, Eastern Division. *See* Case No. 1:24-cv-01811, Doc. Nos. 1, 2. Plaintiff again alleged that Ford's actions in rescinding its offer of employment after receipt of her background check results and failing to provide her notice of the adverse action constituted promissory estoppel and violations of the FCRA and Title VII. *Id.* Plaintiff added a claim that Ford's actions in blocking her emails,

3

retracting its job offer, and refusing to consider Plaintiff's other job applications were retaliatory actions in violation of 29 USC § 158, the National Labor Relations Act ("NLRA"). *Id.*

On November 29, 2024, pursuant to 28 U.S. Code § 1915(e), Judge Calabrese issued an Opinion and Order finding that Plaintiff's claims were barred by the doctrine of *res judicata*. *See* Case No. 1:24-cv-01811-JPC, Doc. Nos. 4, 5. Judge Calabrese found that both issue preclusion and claim preclusion barred the action because the Court had already addressed her claims on the merits and dismissed them. *Id.* Although Plaintiff did not assert a claim under the NLRA in her first action, she was not permitted to assert a new claim which she could have raised in the first action to defeat a prior judgment. *Id.*

On December 13, 2024, Plaintiff moved to alter or vacate Judge Calabrese's Order, or alternatively, for leave to amend her complaint. *See* Case No. 1:24-cv-01811-JPC, Doc. No. 6. Judge Calabrese denied this motion on December 16, 2024. *See id.*, Doc. No. 7. Plaintiff then filed a motion for leave to file a motion to reconsider instanter, which Judge Calabrese denied on December 20, 2024. *See id.*, Doc. Nos. 8, 9. Plaintiff appealed Judge Calabrese's decisions to the United States Court of Appeals for the Sixth Circuit on December 20, 2024. *See id.*, Doc. No. 10.

On June 16, 2025, the Sixth Circuit held that:

---

(continued)
[3] On June 27 and June 30, 2025, Plaintiff moved to re-open the case, which Judge Calabrese denied on June 30, 2025. *See* Case No. 1:24-cv-01313-JPC, Doc. Nos. 7, 8, 9. Plaintiff then moved for Judge Calabrese to recuse himself on July 7, 2025, which he denied on July 8, 2025. *See id.*, Doc. Nos. 10, 11.

4

> [T]he district court's dismissal of Buntura's FCRA and NLRA claims in the first case for failure to state a claim was a final decision on the merits of those claims. Second, the parties in the two cases were the same. Third, Buntura litigated her FCRA claims in her prior complaint. And Buntura's motion to amend demonstrates that she could have raised her NLRA claims in the prior action. Fourth and finally, there is an identity of the causes of action because the claims in both cases arose out of the same set of operative facts. **Accordingly, the district court correctly concluded that claim preclusion barred Buntura's FCRA and NLRA claims.**

(Exhibit A, p. 4) (citations omitted) (emphasis added). The Sixth Circuit affirmed Judge Calabrese's dismissal of Plaintiff's case. (Exhibit B).

### C. Plaintiff Filed a Third Lawsuit Against Ford and Judge Calabrese Based on The Same Event.

Now, on July 8, 2025, Plaintiff has filed a third lawsuit ("Third Lawsuit"), *pro se*, against Ford, this time adding Judge Calabrese as a named defendant. *See* PageID 1-27. Plaintiff's Complaint again is based on Ford's actions in rescinding Plaintiff's offer of employment. She again claims retaliation and violation of the FCRA. *See* PageID 21. In an obvious attempt to repackage the same event previously dismissed on two separate occasions, she alleges that Ford made fraudulent or false statements to the OCRC in its August 22, 2024 Statement of Position, which she claims denied Plaintiff due process rights and rights to petition the government under the First and Fifth Amendments to the United States Constitution. *See* PageID 3, 20-22, 24. Further, Plaintiff alleges that Judge Calabrese abused his judicial authority. *See* PageID 2, 23-24.

### III. LEGAL STANDARD

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

5

defendant is liable for the misconduct alleged." *Id.* To meet this standard, the complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although *pro se* plaintiffs are held to a more lenient standard than lawyers when analyzing complaints, *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *See Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002); *see also Twombly*, 550 U.S. at 555.

## IV. ARGUMENT

### A. Plaintiff Has Already Litigated and Lost Her Retaliation and FCRA Claims Against Ford – Twice. *Res Judicata* Bars Her from Asserting These Claims Again.

Plaintiff's FCRA and retaliation[4] claims are barred pursuant to the doctrine of *res judicata*. The doctrine of *res judicata* consists of two separate preclusion concepts, issue preclusion and claim preclusion. *Heyliger v. State Univ. & Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997). Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim. *Id.*

---

[4] Although Plaintiff's Complaint contains a statement that her retaliation claim was "removed by Plaintiff prior to filing," that same retaliatory conduct is still referenced elsewhere throughout the Complaint. PageID 2, 20-22, 23-27. For this reason, Ford's Motion addresses Plaintiff's claim of retaliation, which generally alleges that Ford retaliated against her without specifying what law Ford allegedly violated or providing enough facts to discern which law Plaintiff is referencing.

6

Both issue preclusion and claim preclusion bar this action. Claim preclusion applies if the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies", (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (emphasis omitted). Issue preclusion applies when:

> (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation; (2) the issue was actually litigated and decided in the prior action; (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation; (4) the party to be estopped was a party to the prior litigation (or in privity with such a party); and (5) the party to be estopped had a full and fair opportunity to litigate the issue.

*Asahi Glass Co., Ltd. v. Toledo Eng'g Co.*, 505 F. Supp. 2d 423, 430-31 (N.D. Ohio 2007), citing *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005).

All the factors for issue and claim preclusion have been met here. Both Plaintiff and Ford were parties in Plaintiff's First, Second, and Third Lawsuits. In all three lawsuits, Plaintiff alleged that Ford's actions in rescinding its offer of employment after receipt of her background check results and failing to provide her notice of the adverse action constituted retaliation and violations of the FCRA. Plaintiff litigated these claims against Ford in both her First and Second Lawsuits. Both times, her claims were reviewed and dismissed. Plaintiff had the ability to appeal the decision issued in her First Lawsuit, but did not, and instead filed her Second Lawsuit and appealed that decision. The Sixth Circuit reviewed her appeal and issued a final judgment affirming the decision of the district court to dismiss her claim. *See* Exhibits A and B.

Although Plaintiff alleges that she did not have a full and fair opportunity to litigate because her First and Second Lawsuits were dismissed before Ford was served and/or answered

7

her complaints, both cases were dismissed pursuant to 28 U.S. Code § 1915(e). That Section of the U.S. Code allows courts to "*sua sponte* review the complaints of all plaintiffs proceeding [*in forma pauperis*] and dismiss any before service of process […]." *Bouza v. Bay City Police Dep't*, No. 1:25-cv-10260, 2025 U.S. Dist. LEXIS 45416, at *2 (E.D. Mich. Feb. 20, 2025); *see also Morrison v. Tomano*, 755 F.2d 515, 517 (6th Cir. 1985) (holding that "a *sua sponte* dismissal for failure to state a claim is not necessarily rendered invalid because of lack of service on the defendant or failure to provide the defendant an opportunity to respond"); *Holingsworth v. Mich. State Univ.*, No. 1:24-cv-1259, 2024 U.S. Dist. LEXIS 238625, at *5-6 (W.D. Mich. Dec. 27, 2024) ("*[R]es judicata* is an appropriate basis to dismiss for failure to state a claim during the initial screening of a complaint pursuant to § 1915(e)(2).") (citations omitted). As the Sixth Circuit wrote when considering Plaintiff's previous appeal: "[A] prior 1915(e) dismissal …is entitled to preclusive effect in a subsequent lawsuit. We therefore reject Buntura's argument that *res judicata* does not apply because the district court dismissed her prior complaint before it was served on the defendants." *See* Exhibit A, p. 4 (citations omitted). Accordingly, Judge Calabrese properly dismissed Plaintiff's Complaint after initial screening and without service to Ford pursuant to Section 1915(e)(2).

Plaintiff makes the same claims based on the same facts in the Third Lawsuit. Accordingly, *res judicata* applies and Plaintiff's claims must be dismissed.

B.    **Plaintiff's Repackaged Claims Against Ford Fail as a Matter of Law.**

In Plaintiff's Third Lawsuit, she makes a number of allegations relating to the Statement of Position that Ford submitted to the OCRC in response to Plaintiff's Charge. Construing the complaint liberally, it seems the allegations against Ford include fraud, violations of the First and Fifth Amendments to the United States Constitution, and violations of due process:

8

> ➢ **Due Process Violation – Use of Fraudulent Evidence**. Ford knowingly submitted federal court rulings—from cases in which it had not appeared or been served—to a state agency to influence an outcome against Plaintiff.
>
> ➢ **Fraud on a Government Agency**. Ford knowingly submitted false and misleading information to the Ohio Civil Rights Commission (OCRC), including: misrepresenting that federal court complaints had been fully adjudicated; submitting an internal rejection email not addressed to Plaintiff as evidence of proper notification; and presenting fabricated testimony from a person Plaintiff had never interacted with. These fraudulent actions materially influenced the OCRC's investigation and denied Plaintiff a fair review of her civil rights complaint. *See Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)[5] (fraud on judicial or administrative bodies undermines justice). (Other case citation omitted).
>
> ➢ **Denial of Access to Courts.** Defendants jointly contributed to the denial of Plaintiffs right to access the courts. Judge Calabrese's premature and procedurally deficient dismissals were later used by Ford to obstruct administrative review. Ford presented these dismissals as substantive findings to the OCRC to avoid accountability, while simultaneously ignoring discovery and FCRA obligations. The coordinated misuse of judicial dismissals and obstruction of lawful inquiry constitutes a violation of Plaintiffs First and Fifth Amendment rights to petition the government and access the judicial process. (Citations omitted).

*See* PageID 3, 24. For the numerous reasons explained below, all of Plaintiff's claims fail as a matter of law.

### 1. All of Plaintiff's Claims Are Barred by Res Judicata.

Plaintiff's repackaged claims relating to the OCRC charge that was the basis of the First Lawsuit are barred by *res judicata*. As this Court previously noted, *res judicata* bars Plaintiff from asserting new claims to defeat a prior judgment. *See* Case 1:24-cv-01811-JPC, Doc #: 4, PageID 88-90, citing *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660

---

[5] This case, cited by Plaintiff, holds that equity permits courts to grant relief to correct certain injustices beyond those permitted under court rules, including following a district court to reexamine a judgment already affirmed on direct appeal and after the mandate has issued. The equitable relief recognized in *Hazel-Atlas* has been superseded by Federal Rule of Civil Procedure 60, Relief from Judgment Order. *See Noel v. United States*, No. 16-2619, 2017 U.S. App. LEXIS 28456, at *2 n.1 (6th Cir. 2017).

9

(6th Cir. 1990). Here, Plaintiff simply adds what she claims are new facts in hopes of avoiding the prior judgments dismissing this case. But at the end of the day, all of the allegations relate to, or stem from, Ford's act of not hiring Plaintiff because of her previous and undisclosed violation for driving while impaired. Ford's statement of position arguing for dismissal of Plaintiff's Charge adds nothing new. *Res judicata* applies and the entire case should be dismissed.

>    **2.    Plaintiff's Constitutional Claims Against Ford Fail as a Matter of Law Because Ford Is a Private Organization and Not a State Actor.**

Plaintiff appears to allege that Ford made misrepresentations to the OCRC which deprived her of her Constitutional rights. Plaintiff's claims fail as a matter of law because Plaintiff has not alleged, and cannot prove, that that Ford is a government entity and therefore subject to the First, Fifth, or Fourteenth Amendments to the United States Constitution. *See Flagg Brothers Inc. v. Brooks*, 98 S. Ct. 1729, 1733 (1978) ("most rights secured by the Constitution are protected only against infringement by governments"); *Myers v. Village of Alger, Ohio,* 102 Fed. App'x 931, 933 (6th Cir. 2004) (recognizing that the Fifth Amendment only "applies to the federal government"); *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (affirming that state action is required for Fourteenth Amendment claims).

For private entities to be considered state actors, they must exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). Plaintiff has not pled any facts to suggest that Ford qualifies as a government actor. *See Urb. Necessities 1Stop Shop, LLC v. City of Cleveland*, No. 1:22-cv-02014, 2024 U.S. Dist. LEXIS 57226, at *12-13 (N.D. Ohio Mar. 29, 2024) (granting defendant's Motion for Partial Judgment on the Pleadings where the plaintiffs did not plead facts to create a reasonable inference that the defendant was a state actor); *Martin v. Dana*

*Corp.*, No. 3:07CV3655, 2008 U.S. Dist. LEXIS 46497, at *13 (N.D. Ohio Jun. 12, 2008) (dismissing Plaintiff's claims under 42 U.S.C. § 1983 because Plaintiff could not allege state action on the part of a private employer and its employees).

For these reasons, Plaintiff's constitutional claims must be dismissed.

### 3. *This Court Does Not Have Jurisdiction Over Plaintiff's Fraud Claim.*

The Court does not have jurisdiction over Plaintiff's fraud claim, which is a cause of action under Ohio state law. *See Bonner Farms, Ltd. v. Power Gas Mktg. & Transmission*, No. 5:04CV2188, 2006 U.S. Dist. LEXIS 100943, at *12 (N.D. Ohio Aug. 17, 2006), citing *Friedland v. Lipman*, 68 Ohio App. 2d 255, 429 N.E.2d 456 (8th Dist. 1980), syllabus. Plaintiff brings her claims under federal question jurisdiction, not diversity jurisdiction. *See* PageID 1. Federal courts may exercise supplemental jurisdiction over state-law claims only if the related federal claims remain pending. 28 U.S.C. § 1367(c)(3). "[W]hen a federal court dismisses all pending federal claims […] it is usually best to allow the state courts to decide state issues." *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021). As described above, all of Plaintiff's federal claims fail as a matter of law. The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law fraud claim.

### 4. *Plaintiff Has Failed to State a Claim of Fraud Against Ford.*

Alternatively, should the Court decide to exercise supplemental jurisdiction over Plaintiff's state law fraud claim, such a claim also fails as a matter of law. To prevail on a common law fraud claim in Ohio, a plaintiff must show:

> (a) a representation or, where there is a duty to disclose, concealment of a fact; (b) which is material to the transaction at hand; (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (d) with the intent of misleading another into relying upon it; (e) justifiable reliance upon the representation or

concealment; and (f) a resulting injury proximately caused by the reliance. *Bonner Farms, Ltd.*, at *12, citing *Friedland*, syllabus. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Civ.R. 9(B).

Here, Plaintiff alleges only that Ford knowingly misrepresented federal court case dismissals and submitted "false testimony" to the OCRC to "influence an outcome against Plaintiff." *See* PageID 3, 20-21. Initially, Plaintiff's allegation that Ford was "misrepresenting that federal court complaints had been fully adjudicated" cannot state a claim for fraud because Judge Calabrese had fully adjudicated Plaintiff's claims. As a result, even accepting the allegations in the Complaint as true, Ford made no factual misrepresentation to the OCRC, so Plaintiff's fraud claim must be dismissed.

Additionally, Plaintiff's fraud claim fails because she does not claim that alleged misrepresentations were made *to her*. "The elements of fraud must be directed against the alleged victim." *See Wiles v. Miller*, 2013-Ohio-3625, ¶ 33 (10th Dist.) citing *Moses v. Sterling Commerce Am., Inc.*, 2002-Ohio-4327, ¶ 21 (10th Dist.). "A plaintiff fails to state a valid cause of action for fraud when he alleges that a third party relied on misrepresentations made by a defendant and that he suffered injury from that third party's reliance." *Id.* Because Plaintiff's fraud claim is based on representations allegedly made to the OCRC, not Plaintiff, her fraud claim is not valid. *See Wiles*, ¶ 34 ("[I]t is clear that appellant's fraud claim against Patio Room

12

is based on alleged misrepresentations made by Patio Room to the Daniels. Therefore, appellant has failed to state a valid claim for fraud.").[6]

Additionally, Plaintiff has not pled sufficient facts to establish that Ford's alleged misrepresentations to the OCRC were material, Ford knew its representations were false, Ford intended the OCRC to rely on its representations, the OCRC justifiably relied on the representations, or Plaintiff's alleged injuries were proximately caused by such reliance. Because Plaintiff has not pled facts establishing a *prima facie* case of fraud with particularity, her claim must be dismissed. *See Spit Shine A Detailer, L.L.C. v. Rick Case Hyundai*, 2017-Ohio-8888, ¶ 25 (8th Dist.) (holding that the trial court appropriately found that the plaintiff's fraudulent misrepresentation claim was not pled with sufficient particularity).

## V.     CONCLUSION

The doctrine of *res judicata* exists to provide finality to litigation and prevent the relitigation of claims that have been fully and fairly adjudicated. Plaintiff's current complaint represents precisely the type of repetitive litigation that res judicate is designed to prevent. Even though Plaintiff is not a practitioner in the law she should not be permitted to repeatedly recycle the same, baseless claims and arguments against Ford in this Court or Ohio state courts.

This case also illustrates the substantial burden that repetitive, meritless litigation places on both the Courts and opposing parties. Ford has spent extensive time and resources responding to Plaintiff's duplicative and baseless pleadings alleging the same facts and claims that have already been adjudicated at the Sixth Circuit. Indeed, this Court has now expended time and

---

[6] Although Plaintiff cites *Gonzalez v. Starwood Hotels*, 2010 WL 4770743 (E.D. La. 2010) for the premise that use of procedural dismissal to mislead a third party constitutes actionable fraud, counsel for Ford has been unable to identify this case. *See* PageID 27.

resources on three substantially similar and unsupported actions. Plaintiff has also now made baseless allegations against a federal judge.

The Court would be well within its authority if it were to choose to prevent Plaintiff from filing future pleadings in this case, or any other action, unless signed by a member of the Ohio Bar. *See Houston v. Potter*, Nos. 2007 U.S. Dist. LEXIS 39898, at *37 (E.D. Tenn. May 30, 2007) ("An injunction limiting Plaintiff's ability to file future lawsuits is absolutely necessary to protect this Court and the right of other litigants to this Court's attention.").

Ford respectfully requests that, at a minimum, this Court grant its Motion and dismiss all claims against Ford with prejudice. Any other result would reward Plaintiff for her duplicative and frivolous litigation and weaken the authority and dignity of the judicial process.

Dated: August 5, 2025

                                              Respectfully submitted,

                                              */s/ Joseph C. Devine*
                                              Joseph C. Devine (0065428)
                                              Lauren M. Larrick (0096594)
                                              BAKER & HOSTETLER LLP
                                              200 Civic Center Dr., Suite 1200
                                              Columbus, Ohio 43215
                                              T. 614-228-1541
                                              F. 614.462.2616
                                              jdevine@bakerlaw.com
                                              llarrick@bakerlaw.com

                                              *Attorneys for Defendant Ford Motor Company*

**CERTIFICATE OF SERVICE**

This is to certify that on August 5, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, thereby automatically serving all counsel of record. I also certify that a copy of the foregoing has been mailed to Plaintiff at the following address:

Sarah Buntura
4390 Southwick Blvd.
Brunswick, OH 44212

/s/ Joseph C. Devine
Joseph C. Devine

*Attorney for Defendant Ford Motor Company*