UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

Sarah Buntura, Pro Se,
    Plaintiff,

v.

Ford Motor Company and
Judge J. Philip Calabrese (Individual Capacity),
    Defendants.

FILED

AUG 0 5 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Case No. 1:25-cv-01429

MOTION TO SUPPLEMENT AND CLARIFY LEGAL BASIS OF CONSTITUTIONAL CLAIMS
*(WITHOUT REPLACING ORIGINAL COMPLAINT)*

Plaintiff Sarah Buntura respectfully moves this Court for permission to file a supplemental pleading to clarify the legal framework for her constitutional claims—specifically to correct the use of 42 U.S.C. § 1983 and assert that her claims against Judge Calabrese arise under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Plaintiff does **not** seek to replace the original complaint, withdraw any of the factual allegations, or file a superseding complaint. This motion is submitted solely to correct the form of the individual-capacity claim against the judicial defendant while preserving the full original complaint.


BACKGROUND

- In 2024, Plaintiff filed two civil actions against Ford Motor Company for violations of the Fair Credit Reporting Act (FCRA) and related employment discrimination. Both actions were dismissed before service; Plaintiff was never permitted to correct any pleading deficiency.
- Judge J. Philip Calabrese denied every motion to amend, reconsider, or supplement—even when new evidence surfaced of Ford's willful FCRA violations and its exploitation of federal court "procedural" dismissals to mislead state agencies and avoid liability.
- No defendant or agency was ever served, no facts tried, and no evidence was reviewed. All dismissals rested on technicalities and boilerplate, not adjudication on the merits.
- After Plaintiff pursued appellate relief and filed a petition for panel rehearing in the Sixth Circuit—specifically exposing judicial misconduct—Judge Calabrese retaliated with immediate summary denials, ignored newly discovered evidence, refused to recuse, and threatened Plaintiff with sanctions for asserting her rights.
- Throughout, Plaintiff was repeatedly labeled "vexatious" and "serial filer" for refusing to give up her constitutional right to be heard.

LEGAL BASIS

This Court cannot allow judicial authority to become a tool for suppressing the constitutional rights of ordinary litigants. Judge Calabrese's conduct meets and surpasses the standards for:

- *Retaliation under color of law* for pursuing appeals and exposing misconduct (see Christopher v. Harbury, 536 U.S. 403).
- *Denial of access to courts* and *procedural due process* under the Fifth Amendment.
- *Fraud and abuse of res judicata*—dismissals were misused as "merits" decisions, directly enabling Ford's fraud on the Ohio Civil Rights Commission.
- *Conduct outside the scope of judicial immunity*, as established in Mireles v. Waco, 502 U.S. 9, and Forrester v. White, 484 U.S. 219—where judges acting in clear absence of jurisdiction or engaged in retaliatory, administrative, or ministerial conduct are not immune.

Plaintiff seeks a ruling to:
- Permit amendment that corrects the form of constitutional claims (clarifying Bivens/§1983 standards and remedy).
- Establish a factual and legal record for DOJ, Judicial Conference, OIG and, if necessary, Congressional review under 28 U.S.C. § 372(c).
- Protect the integrity of the courts and send the national message that federal judges are *not* above the law when they retaliate against pro se civil rights litigants.

CONCLUSION

Plaintiff respectfully requests this Court grant leave to clarify and supplement the constitutional basis for claims asserted against Defendant Calabrese, while maintaining the original complaint as the operative pleading.


Respectfully submitted,

**Sarah Buntura**
Pro Se Plaintiff
4390 Southwick Blvd
Brunswick, OH 44212
(216) 352-8569
Sarahbuntura@gmail.com