IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Sarah Buntura,** | Case No. 1:25 CV 1429 |
| Plaintiff, | |
| -vs- | |
| | **JUDGE PAMELA A. BARKER** |
| **Ford Motor Company,** | |
| Defendant. | Memorandum of Opinion and Order |

**INTRODUCTION**

This is the third case *pro se* Plaintiff Sarah Buntura has filed against Ford Motor Company stemming from Ford's withdrawal of its offer of employment in 2024 following a background check that revealed a conviction that Plaintiff did not disclose on her employment application. Defendant Ford Motor Company ("Ford") filed a Motion to Dismiss (Doc. No. 7). In response to the Motion, Plaintiff filed an Amended Complaint (Doc. No. 13). Although Plaintiff originally included United States District Judge J. Philip Calabrese as a Defendant, he was omitted from the Amended Complaint and is dismissed from this action. Ford filed a Motion to Dismiss the Amended Complaint. (Doc. No. 14). For the reasons stated below, the Motion is GRANTED, and this action is dismissed with prejudice. Furthermore, as it appears that Plaintiff will continue to file actions against Ford in this Court unless she gets the result she is seeking, she is permanently enjoined from filing any new actions without first seeking and obtaining leave of court as provided below.

**BACKGROUND**

Plaintiff applied for an hourly production team member position at the Brook Park, Ohio Ford plant on March 13, 2024. *See Buntura v. Ford Motor Company*, No. 1:24-cv-01313 (N.D. Ohio Oct. 9, 2024). She received a letter offering her employment contingent on successfully passing a background check conducted by Yale Background Screening Services ("Yale"). Yale reported to Ford that Plaintiff had a conviction for driving under the influence which she failed to disclose on her employment application. Ford decided to rescind the employment offer but did not communicate that decision to Plaintiff. In fact, they ceased all communication with Plaintiff and blocked her emails. Plaintiff sought assistance from the union and filed an unfair labor practice charge with the National Labor Relations Board. Ford then notified her on June 25, 2024 that they had rescinded her offer, claiming her omission of the conviction from her application was an act of dishonesty. Plaintiff argued that the decision to rescind her employment offer actually was made in retaliation for contacting the union president and filing a charge with the National Labor Relations Board. Ford dismissed the allegation and stated there was nothing that could be done for Plaintiff to obtain reconsideration of her application for employment.

Plaintiff filed her first action against Ford and Yale in this District Court on July 31, 2024 and moved to proceed *in forma pauperis*. *Buntura v. Ford Motor Company*, No. 1:24-cv-01313 (N.D. Ohio Oct. 9, 2024). She asserted race and sex discrimination under Title VII, 42 U.S.C. § 2000e, and the Ohio Civil Rights Act, Ohio Rev. Code § 4112. She also claimed that Ford violated the Whistleblower Protection Act, 5 U.S.C. § 2302(a)(2)(C), by retaliating against her, and violated the Fair Credit Reporting Act, 15 U.S.C. §1681 by not giving her notice of an adverse action. Finally, she asserted a state law claim for promissory estoppel stating that she

relied on the job offer to her detriment.  Judge Calabrese granted her Motion to Proceed *In Forma Pauperis* and dismissed her federal claims on initial screening under 28 U.S.C. § 1915(e) for failure to state a claim on October 9, 2024.  The Court then determined that she had not plead facts demonstrating diversity jurisdiction and declined to exercise supplemental jurisdiction over her state law claims.  Plaintiff asked the Court for leave to amend the Complaint to clarify her original claims and to assert a new claim under the National Labor Relations Act.  The Court denied the Motion on October 17, 2024.  Plaintiff did not appeal the Court's judgment dismissing the original Complaint or its Order denying leave to file an Amended Complaint.

On the same day that the Court denied her Motion to Amend the Complaint, October 17, 2024, Plaintiff filed a second action in this Court against Ford and S2 Verify, LLC (Yale's successor organization) based on the same facts as those alleged in her first action.  *Buntura v. Ford Motor Company*, No. 1:24-cv-01811 (N.D. Ohio Nov. 29, 2024).  This time, she asserted that Ford and S2 Verify, LLC violated the Fair Credit Reporting Act, Title VII, and the National Labor Relations Act.  She also included her claim based on promissory estoppel.  She once again moved to proceed *in forma pauperis*.  Judge Calabrese granted her Motion to Proceed *In Forma Pauperis* and dismissed her Complaint under 28 U.S.C. § 1915(e) stating that *res judicata* barred her claims because they were raised or could have been raised in her first action.  She filed a Motion for Reconsideration and a Motion to Supplement her Complaint, which were both denied by the Court.

Plaintiff then appealed that judgment to the United States Sixth Circuit Court of Appeals.  *Buntura v. Ford Motor Company*, No. 24-4099 (6th Cir. Jun. 16, 2025).  On June 16, 2025, the Sixth Circuit affirmed Judge Calabrese's dismissal of the case stating: (1) a dismissal

3

under 28 U.S.C. § 1915(e) is entitled to preclusive effect in a subsequent lawsuit; (2) all of the elements of claim preclusion were satisfied and the district court correctly concluded that claim preclusion barred her claims in the second action; and (3) the district court did not abuse its discretion by denying her Motion for Reconsideration before she filed her supplement.

Undeterred by the Sixth Circuit's decision, Plaintiff filed a Motion to Reopen her first case, No. 1:24-cv-01313, on June 27, 2025 and attempted to file a Supplement to her Motion to Reopen. Judge Calabrese denied her Motion and advised her that further frivolous filings would result in her restriction from further filings in this District. *Buntura v. Ford Motor Company*, No. 1:24-cv-01313 (N.D. Ohio Oct. 9, 2024)(Doc. No. 9). Plaintiff responded with a Motion to Recuse on July 7, 2025 which the Court promptly denied, and this, her third action against Ford Motor Company, filed on July 8, 2025.

This action is once again based on the same allegations against Ford on which she based her first and second actions. (Doc. No. 13). She once again asserts claims under the Fair Credit Reporting Act and includes a new claim under 42 U.S.C. § 1983. In addition, she asserts claims for fraud on the Ohio Civil Rights Commission, and retaliation for filing a charge with the Ohio Civil Rights Commission. Ford filed a Motion to Dismiss her Amended Complaint asserting that Plaintiff's claims are barred by *res judicata*. (Doc. No. 14-1).

**STANDARD OF REVIEW**

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law

regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

To determine whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.  Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-78, further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*.  This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment.  FED. R. CIV. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

**DISCUSSION**

This case is barred by *res judicata*. The term "*res judicata*" literally means "a matter [already] judged." Black's Law Dictionary (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id*. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch*, *Pierce, Fenner & Smith, Inc*., 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id*. The purpose of this doctrine is to promote the finality of judgments, which in turn increases certainty, discourages multiple litigation, and conserves judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if is based on the same the facts or incidents creating the right of action as the prior case and the evidence necessary to sustain each action are the same. *Id.*

The doctrine of *res judicata* consists of two separate preclusion concepts, issue preclusion and claim preclusion. *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn*., 126 F.3d 849, 852 (6th Cir. 1997). Claim preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). Issue preclusion generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court

determination essential to the prior judgment, whether or not the issue arises on the same or a different claim. *Id*.

This case is barred by both issue and claim preclusion. Plaintiff raised her claims under the Fair Credit Reporting Act as well as her state law claim for promissory estoppel in the first and second cases she filed against Ford and Yale. This Court addressed those claims on the merits and dismissed them. *Res judicata* bars her from asserting them for a second time in this action. Moreover, although Plaintiff did not assert her claims under 42 U.S.C. § 1983 and her claims for fraud and retaliation in her first action, *res judicata* bars her from asserting new claims to defeat a prior judgment in this her third action. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 918 F.2d 658, 660 (6th Cir. 1990). All of those claims could and should have been raised in the original action. They are also barred by *res judicata.*

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, it is apparent that Plaintiff will continue to file the same actions against Ford,

its employees and Yale or its successors unless she gets the result she is seeking. It is therefore necessary to impose some restrictions on Plaintiff's ability to continue on in this manner.

First, Plaintiff is enjoined from filing any additional documents in this case. The Court will not entertain any post judgment motions, supplements, or amendments. The Clerk's Office is instructed to return any such documents, unfiled, to the Plaintiff.

In addition, Plaintiff is permanently enjoined from filing any new action in this Court without first seeking and obtaining leave of court. To request leave to file, she must file a "Motion Pursuant to Court Order Seeking Leave to File" and he must attach to that Motion: (1) any new pleading she proposes to file and (2) a copy of this Order. The Motion shall be filed in a miscellaneous case. The Court will deny any Motion for Leave to File if the proposed document is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. The Clerk's Office shall not accept any document submitted by Plaintiff for filing in this Court unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains the proposed document she seeks to file and a copy of this Order. The Clerk's Office shall not accept any other documents for filing unless and until leave to file is granted. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion for Leave to File and may be considered an act of contempt for which she may be punished accordingly.

In addition, if Plaintiff files a Complaint in another federal court or a state court and that action is either transferred or removed to this Court, the action automatically will be stayed, and Plaintiff shall have fifteen (15) days from the date of the transfer or removal to file a Motion for Leave to Proceed. If Plaintiff does not file such a Motion for Leave to Proceed in that time period or if the Court deems that the proposed action is frivolous, leave to proceed will be

denied and the case will be dismissed without prior notice. During the time that the case is stayed, the Court shall not accept any documents for filing, except a Motion for Leave to Proceed, filed by Plaintiff.

Finally, Plaintiff is cautioned that if she continues to file repetitive, patently vexatious and frivolous actions after the date of this Order, including another Complaint against Ford Motor Company, any of its employees, Yale, S2 Verify, LLC or any of its successors based on this employment dispute or any event that arose from this dispute, this Court may impose additional sanctions including but not limited to payment of the Defendants' attorney fees and litigation costs.

**CONCLUSION**

Accordingly, Defendant's Motion to Dismiss (Doc. No. 14) is granted and this case is dismissed with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Furthermore, Plaintiff is enjoined from filing any additional documents in this case. She is also enjoined from filing any new actions without first seeking and obtaining leave to proceed as set forth in this Memorandum of Opinion and Order.

**IT IS SO ORDERED.**

Date: September 9, 2025

      s/Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE